**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

      - against -

JOSEPH ABDUL NOOR EL-KHOURI,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ECF Case

No. 19 Civ. 9744 (LAP)


# THE GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION TO INTERVENE AND FOR A STAY OF DISCOVERY

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York
Attorney for the United States
    of America.

Richard A. Cooper
Daniel M. Tracer
Assistant United States Attorneys
   *- Of Counsel -*

1

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ............................................................................................. 1

**FACTUAL BACKGROUND** ................................................................................................. 2

**PROCEDURAL POSTURE** ................................................................................................... 3

**ARGUMENT** ............................................................................................................................ 4

    I.    THE GOVERNMENT SHOULD BE GRANTED PERMISSION TO INTERVENE ... 4

    II.    A STAY OF DISCOVERY IS APPROPRIATE .............................................. 6

        A.    Applicable Law.................................................................................................... 6

        B.    Discussion............................................................................................................ 7

            1.    The Extent of Overlap ............................................................................... 7

            2.    Status of the Criminal Case ...................................................................... 7

            3.    The Interests of the Plaintiff and the Defendant............................................ 8

            4.    The Public Interest..................................................................................... 8

            5.    The Interests of the Court ........................................................................ 11

**CONCLUSION** ....................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Cases**

*Bd. of Governors of the Federal Reserve System* v. *Pharaon*, 140 F.R.D. 634 (S.D.N.Y. 1991) 10
*Bureerong* v. *Uvawas*, 167 F.R.D. 83 (C.D.Cal. 1996) .................................................................. 5
*Campbell* v. *Eastland*, 307 F.2d 478 (5th Cir. 1952) .................................................................... 10
*Harris* v. *Nassau County et al.*, 2014 U.S. Dist. LEXIS 94554 (E.D.N.Y. 2014) ......................... 2
*Hicks* v. *City of New York*, 268 F. Supp. 2d 238 (E.D.N.Y. 2003) ................................................ 8
*In re Par Pharm, Inc. Sec. Litig.*, 133 F.R.D. 12 (S.D.N.Y. 1990) ................................................ 8
*Kashi* v. *Gratsos*, 790 F.2d 1050 (2d Cir. 1986) ............................................................................ 6
*Landis* v. *N. Am. Co.*, 299 U.S. 248 (1936) ................................................................................... 6
*Louis Vuitton Malletier S.A.* v. *LY USA, Inc.*, 676 F.3d 83 (2d Cir. 2012) .................................... 6
*Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201(S.D.N.Y. 1989) ................................. 7
*Parker* v. *Dawson*, No. 06 Civ. 6191 (JFB), 2007 WL 2462677, (E.D.N.Y. Aug. 27, 2007) ........ 7
*Phillip Morris Inc.* v. *Heinrich*, No. 95 Civ. 328 (LMM), 1996 WL 363156, (S.D.N.Y. June 28, 1996) ............................................................................................................................................ 10
*SEC* v. *Beacon Hill Asset Management LLC*, No. 02 Civ. 8855 (LAK), 2003 WL 554618, (S.D.N.Y. Feb. 27, 2003) .............................................................................................................. 9
*SEC* v. *Carroll*, No. 19 Civ. 7199 (AT), 2020 WL 1272287 (S.D.N.Y. Mar. 17, 2020) ........... 1, 6
*SEC* v. *Chakrapani*, 2010 WL 2605819 (S.D.N.Y. June 29, 2010) ............................................ 10
*SEC* v. *Chestman*, 861 F.2d 49 (2d Cir. 1988) .............................................................................. 5
*SEC* v. *Contorinis*, No. 09 Civ. 1043 (RJS), 2012 WL 512626, (S.D.N.Y. Feb. 3, 2012) ........... 11
*SEC* v. *Credit Bancorp.*, 297 F.3d 127 (2d Cir. 2002) ................................................................... 5
*SEC* v. *Dubovoy*, 15 Civ. 6076 (D.N.J. Jan. 29, 2016; *SEC* v. *One or More Unknown Purchasers of Securities of Global Indus., Ltd.*, No. 11 Civ. 6500 (RA), 2012 WL 5505738, (S.D.N.Y. Nov. 9, 2012) .................................................................................................................................... 2
*SEC* v. *Durante et al.*, 15 Civ. 9874 (RJS) (S.D.N.Y. Mar. 23, 2016) .......................................... 1
*SEC* v. *Nicholas*, 569 F. Supp. 2d 1065 (C.D. Cal. 2008) .................................................. 2, 9, 10
*SEC* v. *One or More Unknown Purchasers of Secs. of Global Indus.*, 2012 U.S. Dist. LEXIS 162772, (S.D.N.Y. Nov. 9, 2012) ............................................................................................... 11
*SEC* v. *Shkreli, et al.*, 15 Civ. 7175 (KAM), 2016 WL 1122029, (E.D.N.Y. Mar. 22, 2016) ........ 2
*SEC* v. *Treadway*, No. 04 Civ. 3464 (VM) (JCF), 2005 WL 713826 (S.D.N.Y. March 30, 2005) 6
*SEC* v. *Wey*, 15 Civ. 7116 (PKC) (S.D.N.Y. June 9, 2016) ........................................................... 1
*Trustees of Plumbers and Pipefitters Nat'l Pension Fund, et al.* v. *Transworld Mechanical, Inc.*, 886 F. Supp. 1134 (S.D.N.Y. 1995) ............................................................................................. 8
*Tuzman*, 15 Civ. 7057 (AJN), Dkt. No. 43) .................................................................................. 7
*Twenty First Century Corp.* v. *LaBianca*, 801 F. Supp. 1007 (E.D.N.Y. 1992) ..................... 5, 11
*United States* v. *McCarthy*, 292 F. Supp. 937 (2d Cir. 1968) ....................................................... 9
*United States* v. *One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352 (S.D.N.Y. 1966) .................. 7
*United States* v. *Percevault*, 490 F.2d 126 (2d Cir. 1974) ............................................................ 9
*Volmar Distrib., Inc.* v. *New York Post Co., Inc.*, 152 F.R.D. 36 (S.D.N.Y. 1993) ................... 6, 7

**PRELIMINARY STATEMENT**

The United States of America, by and through the Acting United States Attorney for the Southern District of New York ("the Government"), respectfully submits this memorandum of law in support of its application (i) to intervene in the above-captioned case, pursuant to Rule 24 of the Federal Rules of Civil Procedure, and (ii) to stay all discovery in this case until the conclusion of the parallel criminal case, *United States* v. *Joseph El-Khouri*, 19 Cr. 652 (JGK) (the "Criminal Case"). The defendant, through counsel, consents to the Government's request for a stay. The SEC takes no position on the request for a stay.

Courts in this district frequently stay civil discovery when there is a parallel criminal prosecution. Here, the parallel Criminal Case arises from the identical set of facts and circumstances that underlie this action. As a result, a stay is especially appropriate because any exchange of discovery would be asymmetrical and would allow the defendant to circumvent the criminal discovery rules and improperly tailor his defense in the Criminal Case. In similar situations, courts in this Circuit and others have often entered a stay of parallel civil actions when there is a related criminal prosecution with overlapping defendants and facts, even where, as is not the case here, a defendant objects. *See, e.g.*, *SEC* v. *Carroll,* No. 19 Civ. 7199 (AT), 2020 WL 1272287 (S.D.N.Y. Mar. 17, 2020) (granting, over defendants' opposition, a full stay); *SEC* v. *Wey*, 15 Civ. 7116 (PKC) (S.D.N.Y. June 9, 2016) (after Government's motion for partial stay of discovery, and over objection of multiple defendants, implementing full stay of discovery, with the exception that SEC would produce testimony transcripts that had been produced in criminal case); *SEC* v. *Durante et al*., 15 Civ. 9874 (RJS) (S.D.N.Y. Mar. 23, 2016) (after Government's initial motion for partial stay of discovery, fully staying discovery and

proceedings in the matter); *SEC* v. *Shkreli*, *et al.*, 15 Civ. 7175 (KAM), 2016 WL 1122029, at \*\*2-7 (E.D.N.Y. Mar. 22, 2016) (granting, over defendants' opposition, a full stay); *SEC* v. *Dubovoy*, 15 Civ. 6076 (D.N.J. Jan. 29, 2016; *SEC* v. *One or More Unknown Purchasers of Securities of Global Indus., Ltd.*, No. 11 Civ. 6500 (RA), 2012 WL 5505738, at \*3 (S.D.N.Y. Nov. 9, 2012) (granting U.S. Attorney's Office request for full stay of discovery for six months over defendant's objection while criminal investigation was proceeding but prior to any criminal charge); *Harris* v. *Nassau County et al.*, 2014 U.S. Dist. LEXIS 94554 at \*10 (E.D.N.Y. 2014) *SEC* v. *Nicholas*, 569 F. Supp. 2d 1065, 1070 (C.D. Cal. 2008)

In light of the identical set of facts underlying the parallel Criminal Case, the complications that civil discovery would cause in that Criminal Case, and the consent of the defendant, the Government respectfully requests that the Court stay discovery in this matter.[1]

## FACTUAL BACKGROUND

This case, and the parallel Criminal Case, arise out of the same underlying events. The facts set forth below are described in greater detail in the indictment that was returned in the Criminal Case (the "Indictment"), which was unsealed on October 22, 2019, and are also described in greater detail in the SEC's complaint in this civil action. In summary, in or about 2015, the defendant was involved in an international insider trading scheme involving the theft of material, non-public information ("MNPI") from a global investment bank (the "Investment Bank") about certain of its clients, followed by timely, profitable trading in the securities of those clients. In particular, from at least in our February through October 2015, an investment

---

[1] This Motion does not seek any relief with respect to the other named defendants in this case, Benjamin Taylor and Darina Windsor. The Government reserves the right to seek any relief, including for a stay, with respect to those defendants at a later time.

banker at the Investment Bank ("CC-2") stole MNPI from the Investment Bank about its clients in violation of CC-2's duties and obligations of confidentiality to CC-2's employer. CC-2, in turn, passed that MNPI to a romantic partner ("CC-1") with the understanding that CC-1 would provide that MNPI to others who would engage in securities trading. In fact, CC-1 passed that MNPI to a close friend ("CC-3") who provided CC-1 and CC-2 with substantial benefits, including cash and gifts.

CC-3 then provided that stolen MNPI to the defendant in order to enable the defendant to engage in timely, profitable securities trading. In return, the defendant provided CC-3 with a portion of the defendant's trading profits, including cash and other benefits such as travel and hotel stays. The defendant and CC-3 used unregistered, prepaid "burner" phones in order to communicate about their insider trading relationship. Based on the MNPI obtained from CC-3, the defendant placed timely, profitable trades in the securities of a number of pharmaceutical companies including Hyperion Therapeutics, Inc., Pharmacyclics Inc., Receptos Inc., Omnicase, Inc., Solera Holdings, Inc., and Enersys. In total, the defendant earned approximately $2 million from his participation in this illegal insider trading scheme. (Indictment ¶ 12; SEC Complaint ¶ 79).

## PROCEDURAL POSTURE

A grand jury sitting in the Southern District of New York returned the Indictment against the defendant in this matter on September 9, 2019. The Indictment was unsealed on October 22, 2019, and the Criminal Case was assigned to Judge Koeltl. The Indictment charges the defendant with conspiracy to commit securities fraud and fraud in connection with a tender offer (count 1); conspiracy to commit wire fraud and securities fraud (count 2); securities fraud

(counts 3-8); fraud in connection with a tender offer (counts 9-10); wire fraud (counts 11-16); and securities fraud (count 17).

Shortly before the Indictment was unsealed, the defendant was arrested in the United Kingdom pursuant to a provisional arrest request by the Government. Extradition proceedings are currently pending against the defendant in the United Kingdom. The SEC filed its complaint in this matter on October 22, 2019.

## ARGUMENT

The Government's requests on consent to intervene and for a stay of discovery in this civil action should be granted. If civil discovery were to proceed at this time, there would be a risk of significant interference with the Criminal Case. The requested stay would not prejudice any of the parties to this civil action; would prevent the circumvention of important limitations on criminal discovery; and would preserve the Court's resources because many of the issues presented by the civil action will be resolved in the Criminal Case.

**I.      THE GOVERNMENT SHOULD BE GRANTED PERMISSION TO INTERVENE**

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, anyone may intervene as of right in an action when the applicant "claims an interest relating to the property or transaction that is the subject of the action" and the applicant "is so situated that 'disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests. . . .'" Alternatively, Rule 24(b)(2) provides for permissive intervention when the movant "has a claim or defense that shares with the main action a common question of law or fact." The Government respectfully submits that its application satisfies both of these provisions given the effect this civil proceeding would have on the Criminal Case and the identity of claims and facts

between the parallel actions.

As a general rule, courts "have allowed the government to intervene in civil actions—especially when the Government wishes to do so for the limited purpose of moving to stay discovery." *Twenty First Century Corp.* v. *LaBianca*, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992); *see also SEC* v. *Credit Bancorp.*, 297 F.3d 127, 130 (2d Cir. 2002). The Government has a "discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *SEC* v. *Chestman*, 861 F.2d 49, 50 (2d Cir. 1988).

As an initial matter, intervention is warranted because the Government's interests in upholding the public interest in enforcement of the criminal laws cannot be protected adequately by the existing parties in this civil litigation, none of whom represent the Government's interests with respect to the investigation and enforcement of federal criminal statutes. *See Bureerong* v. *Uvawas*, 167 F.R.D. 83 (C.D.Cal. 1996) ("the Government's prosecutorial and investigative interest is not adequately protected by any of the civil parties . . . . Clearly neither the plaintiff or the defendants have this identical interest.").

Moreover, discovery and a trial in this action in advance of a criminal trial following extradition, could impair or impede the Government's ability to protect its interests in the enforcement of federal criminal law. This case and the related Criminal Case arise from the same alleged scheme to commit insider trading based on MNPI stolen from the Investment Bank as described above. Holding a civil trial before the criminal proceedings would create the possibility that there will be two trials covering the same fraudulent acts. This raises the probability that witnesses will be unnecessarily burdened by having to testify twice. In light of

those circumstances, the Government respectfully submits that its application to intervene should be granted.

## II. A STAY OF DISCOVERY IS APPROPRIATE

### A. Applicable Law

This Court has the inherent power to stay discovery in the interests of justice pending the completion of a parallel criminal case. *See Kashi* v. *Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action.") (internal citations and quotations omitted). "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Louis Vuitton Malletier S.A.* v. *LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis* v. *N. Am. Co.*, 299 U.S. 248, 254 (1936)). When considering whether to grant a stay, courts balance the following factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interest of the court; and (6) the public interest.

*Carroll*, 2020 WL 1272287 at *2 (quoting *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012)); *SEC* v. *Treadway*, No. 04 Civ. 3464 (VM) (JCF), 2005 WL 713826, at *2-*3 (S.D.N.Y. March 30, 2005); *see also Volmar Distrib., Inc.* v. *New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (listing similar factors). "Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice." *Id.*

### B. Discussion

Application of these factors here overwhelmingly weighs in favor of the Government's requested stay, to which no party objects.

####    1.      The Extent of Overlap

That the criminal and civil cases involve nearly identical facts and issues weighs heavily in favor of a stay. "The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." *Volmar Distrib.*, 152 F.R.D. at 39 (citing Judge Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (S.D.N.Y. 1989)); *see also Tuzman*, 15 Civ. 7057 (AJN), Dkt. No. 43 at 3) (noting that "substantial overlap between the civil and criminal proceedings" weighs in favor of stay); *Parker* v. *Dawson*, No. 06 Civ. 6191 (JFB), 2007 WL 2462677, at *4 (E.D.N.Y. Aug. 27, 2007); *United States* v. *One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("Where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter.").

Here, even a cursory examination of the Indictment and the SEC's complaint reveals that the alleged wrongdoing is essentially the same. The SEC and Criminal Case describe the same alleged scheme to commit insider trading in the securities of six pharmaceutical companies based on MNPI stolen from the Investment Bank. As a result, this factor weighs heavily in favor of a stay.

####    2.      *Status of the Criminal Case*

The return of an indictment in the criminal case is also a factor that weighs in favor of a stay. *See Tuzman*, 15 Civ. 7057 (AJN), Dkt. No. 43 at 3; *In re Par Pharm, Inc. Sec. Litig.*, 133

F.R.D. 12, 13 (S.D.N.Y. 1990) ("The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment."); *Trustees of Plumbers and Pipefitters Nat'l Pension Fund, et al.* v. *Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) ("A stay of a civil case is most appropriate when a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved."); *see also Hicks* v. *City of New York*, 268 F. Supp. 2d 238, 242 (E.D.N.Y. 2003) ("Indeed, the strongest argument for granting a stay is where a party is under criminal indictment…").  Here, an Indictment has been returned against the defendant and the Government is actively seeking his extradition from the United Kingdom.  Thus, this factor also weighs in favor of a stay.

### *3.     The Interests of the Plaintiff and the Defendant*

No prejudice to the parties will result from the requested stay.  As noted, the defendant consents to the requested stay.  The SEC also does not oppose the requested stay.  In addition, as there are not currently any discovery deadlines or a trial date in place in this action, there will be no undue delay in the proceedings as a result of the stay.

### *4.     The Public Interest*

Rule 16 of the Federal Rules of Criminal Procedure and Title 18, United States Code, Section 3500 provide that in criminal cases, the statements of Government witnesses shall not be the subject of discovery "until said witness has testified on direct examination" at trial.  Thus, in the Criminal Case, the defendant would not be entitled to such statements until (or, as is the

practice in this District, shortly before) trial. The Government and the public have an important interest in ensuring that civil discovery is not used to circumvent the well-founded restrictions that pertain to criminal discovery – restrictions that, *inter alia*, preserve the truth-seeking functions of the criminal process by restraining the ability of criminal defendants to tailor testimony, suborn perjury, manufacture evidence or intimidate witnesses. *See United States* v. *Percevault*, 490 F.2d 126, 129 (2d Cir. 1974) (noting that the Jencks Act "represents a legislative determination that access to a witness' statements could be useful in impeaching a witness but was not intended to be utilized in preparation for trial"); *United States* v. *McCarthy*, 292 F. Supp. 937, 942 (2d Cir. 1968) ("The claimed need to see such statements in advance in order to prepare to rebut them is little more than open notice of an intention to tailor testimony to fit the statement."); *SEC* v. *Nicholas*, 569 F. Supp. 2d 1065, 1070 (C.D.Cal. 2008) (the criminal rules were "purposefully limited so as to prevent perjury and manufactured evidence, to protect potential witnesses from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery by the Fifth Amendment").

Courts in this district have repeatedly endorsed limitations on civil discovery in recognition of the fact that a civil litigant should not be allowed to use civil discovery to avoid the restrictions that would otherwise apply in criminal discovery to a criminal defendant. *See SEC* v. *Beacon Hill Asset Management LLC*, No. 02 Civ. 8855 (LAK), 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (in granting government's motion to stay, court noted: "The principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases."); *Phillip*

*Morris Inc.* v. *Heinrich*, No. 95 Civ. 328 (LMM), 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (granting stay motion because if "civil discovery is not stayed, the criminal investigation will be prejudiced, as the Defendants may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules."); *Bd. of Governors of the Federal Reserve System* v. *Pharaon*, 140 F.R.D. 634, 639 (S.D.N.Y. 1991) ("'A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal trial.'") (quoting *Campbell* v. *Eastland*, 307 F.2d 478, 487 (5th Cir. 1952)); *Nicholas*, 569 F. Supp. 2d at 1070 (the criminal rules were "purposefully limited so as to prevent perjury and manufactured evidence, to protect potential witnesses from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery by the Fifth Amendment"). Indeed, the rationale underlying a stay is even stronger in an indicted matter, given that a defendant in a charged criminal case will likely invoke his Fifth Amendment rights in the civil case and not participate in the very discovery process he seeks to use affirmatively. *See, e.g., SEC* v. *Chakrapani*, 2010 WL 2605819 (S.D.N.Y. June 29, 2010) (inviting the Government to renew its motion to stay discovery if the defendant intends to invoke the Fifth Amendment if noticed for a deposition); *Nicholas*, 569 F. Supp. 2d at 1070 (noting when granting full stay that "[t]he specter of parties and witnesses invoking their Fifth Amendment rights would render discovery largely one-sided; the SEC would produce scores of documents and witness testimony only to be precluded from gathering reciprocal discovery from the defendants").

Therefore, in order to avoid circumvention of the criminal discovery restrictions, including the provisions that are designed to prevent defendants from tailoring their testimony and intimidating witnesses, and because the defendant will not in any way be prejudiced, this factor weighs in favor of the Government's application.

### 5. *The Interests of the Court*

Considerations of judicial economy also weigh in favor of granting a stay. Courts have a strong interest in the efficient resolution of both the criminal and civil cases. Issues common to both cases can be resolved in the criminal proceeding, thereby simplifying the civil action. *See SEC* v. *Contorinis*, No. 09 Civ. 1043 (RJS), 2012 WL 512626, at *2 (S.D.N.Y. Feb. 3, 2012) ("Courts in this district have consistently found that a defendant convicted of securities fraud in a criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding"); *SEC* v. *One or More Unknown Purchasers of Secs. of Global Indus.*, 2012 U.S. Dist. LEXIS 162772, at *12 (S.D.N.Y. Nov. 9, 2012) ("[T]he Civil Case is likely to benefit to some extent from the Criminal Case no matter its outcome."); *Twenty First Century Corp.*, 801 F. Supp. at 1010-11 (recognizing judicial economy as a factor to be considered). Because the outcome of the Criminal Case could directly affect the conduct, scope, and result of the civil proceeding, this factor favors the Government's application.

\*     \*     \*

In sum, and as set forth above, the Government has requested a stay of the proceedings in this action; the defendant consents to the stay; there is considerable overlap between the parallel proceedings; charges have been filed in the Criminal Case and extradition proceedings are underway; there is no prejudice to the parties from the requested stay; there is a strong public

interest in preventing the civil discovery rules from being used to improperly obtain discovery in the criminal case; and judicial economy is ensured by the requested stay. Therefore, the balance of factors overwhelmingly favors a stay of discovery.

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that its unopposed application to intervene and for a stay of this proceeding be granted in its entirety. The Government is prepared to submit updates to the Court on the status of the Criminal Case on an annual or biannual basis, or on any schedule the Court directs, in order for the Court to assess whether the requested stay remains appropriate.

Dated: New York, New York
       September 18, 2020

                      Respectfully submitted,

                      AUDREY STRAUSS
                      Acting United States Attorney

By:    /s/
                      RICHARD A. COOPER
                      DANIEL M. TRACER
                      Assistant United States Attorneys
                      One Saint Andrew's Plaza
                      New York, New York 10007
                      Telephone: (212) 637-1027/2329