**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN TAYLOR, DARINA WINDSOR, JOSEPH ABDUL NOOR EL-KHOURI, and GEORGE NIKAS,<br><br>Defendants. | **Civil Action No. 19-09744 (LAP)** |

**[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT GEORGE NIKAS**

The Securities and Exchange Commission having filed a Complaint and Defendant George Nikas ("Nikas" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph V); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a

material fact necessary in order to make the statements made, in the light

of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or

would  operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is permanently restrained and enjoined from violating Section 14(e) of the Exchange Act [15

U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in connection

with any tender offer or request or invitation for tenders, from engaging in any fraudulent,

deceptive, or manipulative act or practice, by:

(a)     purchasing or selling or causing to be purchased or sold the securities

sought or to be sought in such tender offer, securities convertible into or

exchangeable for any such securities or any option or right to obtain or

dispose of any of the foregoing securities while in possession of material

information relating to such tender offer that Defendant knows or has

reason to know is nonpublic and knows or has reason to know has been

2

acquired directly or indirectly from the offering person; the issuer of the

securities sought or to be sought by such tender offer; or any officer,

director, partner, employee or other person acting on behalf of the offering

person or such issuer, unless within a reasonable time prior to any such

purchase or sale such information and its source are publicly disclosed by

press release or otherwise; or

(b) communicating material, nonpublic information relating to a tender offer,

which Defendant knows or has reason to know is nonpublic and knows or

has reason to know has been acquired directly or indirectly from the

offering person; the issuer of the securities sought or to be sought by such

tender offer; or any officer, director, partner, employee, advisor, or other

person acting on behalf of the offering person of such issuer, to any person

under circumstances in which it is reasonably foreseeable that such

communication is likely to result in the purchase or sale of securities in the

manner described in subparagraph (a) above, except that this paragraph

shall not apply to a communication made in good faith

(i) to the officers, directors, partners or employees of the

offering person, to its advisors or to other persons, involved

in the planning, financing, preparation or execution of such

tender offer;

(ii) to the issuer whose securities are sought or to be sought by

such tender offer, to its officers, directors, partners,

employees or advisors or to other persons involved in the

3

planning, financing, preparation or execution of the

activities of the issuer with respect to such tender offer; or

(iii)    to any person pursuant to a requirement of any statute or

rule or regulation promulgated thereunder.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a

civil penalty in the amount of $1,500,000 to the Securities and Exchange Commission pursuant

to Section 21A of the Exchange Act [15 U.S.C. § 78u-1].  Defendant shall satisfy this obligation

within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

4

this Court; Nikas as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that, consistent with the previously-issued Order modifying the asset freeze in *SEC v. Nikas*, 19-cv-9645 (CM) (ECF No. 42), to allow for the sale of Nikas's interest in certain real property in New York, New York (the "Nikas Apartment"), the sale proceeds from the Nikas Apartment shall be transferred to the Commission to the extent, and in the amount, necessary to satisfy any unpaid portion of the $1,500,000 civil penalty, together with any post-judgment interest, with such transfer to be effected in the same manner as specified above in paragraph III.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal

securities laws or any regulation or order issued under such laws, as set forth in Section

523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, the Clerk is ordered to enter this Final Judgment

forthwith and without further notice.


Dated:  December 16, 2020


Loretta A. Presska

UNITED STATES DISTRICT JUDGE

6