UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

              Plaintiff

-against-

JOSEPH ABDUL NOOR EL-KHOURI,

              Defendant.

---

19 Civ. 9744 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is the United States of America (the "Government")'s non-party motion,[1] on consent of Defendant Joseph Abdul Noor El-Khouri, seeking (i) to intervene in this case pursuant to Rule 24 of the Federal Rules of Civil Procedure, and (ii) to stay all discovery in this case against Mr. El-Khouri until the conclusion of Mr. El-Khouri's parallel criminal case, United States v. Joseph El-Khouri, 19 Cr. 652 (JGK) (the "Criminal Case").[2]  Plaintiff, the Securities and Exchange Commission ("SEC"), takes no position on the Government's motion.

    For the reasons stated below, the Government's motion is GRANTED.

---

[1] (See Notice of Motion, dated Sept. 18, 2020 [dkt. no. 24]; Memorandum of Law in Support of Application to Intervene and for a Stay of Discovery ("Mot."), dated Sept. 21, 2020 [dkt. no. 25].)
[2] The Government's motion does not seek any relief with respect to Defendants Benjamin Taylor or Darina Windsor.  (See Mot. at 2 n.1.)

1

I.   Background

As set out more fully in the Amended Complaint, the SEC alleges that Mr. El-Khouri was involved in an insider trading scheme involving misappropriation of material, non-public information from an investment bank.  (Am. Compl., dated Mar. 27, 2020 [dkt. no. 15], ¶¶ 1-6.)  Specifically as to Mr. El-Khouri, the Amended Complaint alleges that co-defendant Benjamin Taylor tipped to Mr. El-Khouri material, non-public information that Mr. Taylor received from Mr. Taylor's girlfriend, Darina Windsor, in exchange for cash or gifts from Mr. El-Khouri.  (See e.g., id. ¶¶ 1-6, 16, 34, 95-103, 111-119.)

A grand jury indicted Mr. El-Khouri in the Southern District of New York on September 9, 2019.  (Mot. at 3.)  The Indictment alleges the same scheme set out in the Amended Complaint, and charges Mr. El-Khouri with conspiracy to commit securities fraud and fraud in connection with a tender offer; conspiracy to commit wire fraud and securities fraud; securities fraud; fraud in connection with a tender offer; wire fraud; and securities fraud.  (Id.; see generally Indictment, dated Oct. 21, 2019 [dkt. no. 2].)

As of the date of the Government's motion, Mr. El-Khouri had been arrested in the United Kingdom, and extradition proceedings were pending against him there.  (Mot. at 4; see also Letter from Daniel Tracer, dated Oct. 24, 2019 [dkt. no. 5 in 19-cr-652].)

2

II. Legal Standard

    a. Intervention

Under Rule 24(a) of the Federal Rules of Civil Procedure, a party may intervene as of right in an action when he "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

Rule 24(b) alternatively permits permissive intervention when an applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Permissive intervention under Rule 24(b) is committed to the broad discretion of the Court. See AT&T Corp. v. Sprint Corp., 407 F.3d 560, 561 (2d Cir. 2005) (recognizing "the broad discretion of the district court when considering permissive intervention"); H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc., 797 F.2d 85, 89 (2d Cir. 1986) ("The district court's discretion under Rule 24(b)(2) is very broad."). In exercising its discretion, the Court is required by rule to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); see also Calderon v. Clearview AI, Inc., 2020 WL 2792979, at *7 (S.D.N.Y. May 29, 2020) ("[T]he court's primary consideration is whether intervention will unduly

3

delay or prejudice the adjudication of the rights of the parties whose lawsuits are being 'invaded.'").

    b. Stay of Discovery

A court may stay a case where the interests of justice so require. Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986). "While staying a civil case is an extraordinary remedy, courts will not hesitate to grant a stay when the interests of justice seem to require it." Sec. & Exch. Comm'n v. Carroll, No. 19 CIV. 7199 (AT), 2020 WL 1272287, at *2 (S.D.N.Y. Mar. 17, 2020) (quoting SEC v. LaGuardia, No. 19 Civ. 5895, 2020 WL 476439, at *2 (S.D.N.Y. Jan. 23, 2020).

In determining whether a civil case should be stayed pending resolution of a criminal matter, courts have considered the following factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 97 (2d Cir. 2012). The party seeking the stay bears the burden as to each of these factors. Id.

4

III. Discussion

    a. Intervention

The Government submits that its application satisfies Rule 24(a)'s standards for intervention as of right and, alternatively, for permissive intervention under Rule 24(b). (Mot. at 4-5.) The SEC takes no position on the Government's ability to intervene, and Defendant has consented to the Government's intervention.

"In order to intervene under Rule 24(a)(2) an applicant must (1) file timely, (2) demonstrate an interest in the action, (3) show an impairment of that interest arising from an unfavorable disposition, and (4) have an interest not otherwise adequately protected." United States v. State of N.Y., 820 F.2d 554, 556 (2d Cir. 1987).

The Court finds that the Government has met the criteria to intervene as of right. As to (1), the Court finds that the motion, filed before Defendant was even served with the complaint, is timely, which the parties do not dispute. As to (2), "the government has 'a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter.'" Sec. & Exch. Comm'n v. Shkreli, No. 15 Civ. 7175 (KAM), 2016 WL 1122029, at *2 (E.D.N.Y. Mar. 22, 2016) (quoting S.E.C. v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988)). As to (3), the Government has shown that, absent a stay, the civil case could impair or impede the

Government's ability to protect its interests "in limiting the defendants to the discovery available under the Federal Rules of Criminal Procedure." Id. As to (4), the parties to this civil litigation do not dispute that the Government's interests cannot be adequately protected otherwise. See id.; see also Bureerong v. Uvawas, 167 F.R.D. 83 (C.D. Cal. 1996).

Alternatively, the Court finds that the Government's motion has met the requirements for permissive intervention under Rule 24(b) in light of the questions of law and fact that are common to the civil and criminal cases against Mr. El-Khouri. See Fed. R. Civ. P. 24(b)(2). "It is well-established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway, that involves common questions of law or fact." S.E.C. v. Downe, No. 92 CIV. 4092 (PKL), 1993 WL 22126, at *11 (S.D.N.Y. Jan. 26, 1993) (citing Chestman, 861 F.2d at 50). Moreover, the Court finds that intervention would not "prejudice the adjudication of the original parties' rights," see Fed. R. Civ. P. 24(b)(3), considering that Mr. El-Khouri has consented to, and the SEC does not oppose, the Government's motion. Intervention thus is permissible under Fed. R. Civ. P. 24. See Carroll, 2020 WL 1272287, at *2 ("Given the overlapping issues in the civil and criminal cases, and the lack of opposition by the parties, the Court concludes intervention is appropriate.").

6

Accordingly, the Court grants the branch of the Government's motion seeking intervention in this action.

  b. Stay of Discovery

Considering the factors identified in Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 97 (2d Cir. 2012), the Court finds that a stay of discovery is warranted.

First, there is significant overlap with the issues in the Criminal Case, as both cases allege the exact same insider trading scheme with respect to the same six securities.  Because "[t]he strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter," this factor weighs heavily in favor of granting a stay.  Volmar Distributors, Inc. v. New York Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993).

Second, Mr. El-Khouri has been indicted, a fact that favors a stay.  See Carroll, 2020 WL 1272287, at *4 (citing Shkreli, 2016 WL 1122029, at *5 ("[T]he strongest argument for granting a stay is where a party is under criminal indictment."); In re Par Pharm, Inc. Sec. Litig., 133 F.R.D. 12, 13 (S.D.N.Y. 1990) ("The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment.")).

Third, although the SEC has an interest in proceeding expeditiously in this civil case, the SEC has not objected to the requested stay.

Fourth, given that Mr. El-Khouri consents to the Government's motion, the Court finds that the private interests of Defendant weigh in favor of granting the stay.

Fifth, a stay of discovery would promote the Court's interest in judicial efficiency. See SEC v. Contorinis, No. 09 Civ. 1043 (RJS), 2012 WL 512626, at *2 (S.D.N.Y. Feb. 3, 2012) ("Courts in this district have consistently found that a defendant convicted of securities fraud in a criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding.").

Sixth, the Court finds that the the public's "weighty public interest in the prosecution of the criminal matter" weighs in favor of a stay here, especially in light of the "risks [to] the integrity of the criminal proceedings" by allowing discovery in this action before the conclusion of the criminal case. See Carroll, 2020 WL 1272287, at *5.

Accordingly, the Government's request for a stay of all discovery in this civil case against Mr. El-Khouri is granted until the conclusion of Mr. El-Khouri's Criminal Case.

8

IV. Conclusion

For the reasons stated above, the Government's motion to intervene (dkt. no. 24) is GRANTED, and its motion to stay discovery in this case as to Mr. El-Khouri (dkt. no. 24) is GRANTED.

The Clerk of Court shall stay this action as to Defendant Joseph Abdul Noor El-Khouri.

The Government shall notify the Court by letter no later than April 26, 2021 as to the status of Mr. El-Khouri's criminal case and shall provide an update by letter every 90 days thereafter. The Government further shall notify the Court promptly when Mr. El-Khouri's criminal case is resolved.

**SO ORDERED.**

Dated: New York, New York
January 26, 2021

_____
LORETTA A. PRESKA
Senior United States District Judge