UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>         -against-<br><br>BENJAMIN TAYLOR, et al.,<br><br>                              Defendants. | 19-cv-09744 (JLR) (KHP)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

On February 22, 2023, non-party United States of America ("the Government") filed a motion seeking to: (i) intervene in this case pursuant to Federal Rules of Civil Procedure ("Rule") 24; and (ii) stay the proceedings of this case until the end of a parallel criminal case, *United States v. Benjamin Taylor, et al.*, 18 Cr. 184 (DLC). *See generally*, ECF No. 47 ("Second Mot. to Intervene and Stay"). Defendant, Benjamin Taylor, consents to the Government's request for a stay. *Id* at 1. Plaintiff, the United States Securities and Exchange Commission ("SEC") takes no position on the stay. *Id.* at 8.

## BACKGROUND

In this action, Plaintiff SEC alleges that Defendant Taylor provided co-defendant Joseph Abdul Noor El-Khouri with material, non-public information from two global investment banks in exchange for cash or gifts. *See generally* Compl. The Government moves the Court to allow it to intervene and stay this case with respect to Defendant Taylor because of an ongoing criminal case arising from the same facts and circumstances. Second Mot. to Intervene and Stay at 1.

On September 21, 2020, the Government filed a similar motion in this case seeking to intervene and stay the case with respect to Defendant El-Khouri. ECF No. 25 ("First Mot. to

Intervene and Stay").[1]  The Court granted that motion on January 26, 2021.  ECF No. 29 ("First Stay Order").  This case was then reassigned to the undersigned on September 15, 2022.  For the reasons stated in the Court's prior order and as stated below, the Court GRANTS the Government's present motion to intervene and to stay this action as to Defendant Taylor until the conclusion of the parallel criminal case.

## DISCUSSION

The Government argues that it should be allowed to intervene pursuant to Rule 24(a)(2).  The rule provides that:

> the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Rule 24(a)(2).  The Government submits, as it did in its previous motion, that both grounds exist here.  Second Mot. to Intervene and Stay at 4-5; First Mot. to Intervene and Stay at 4-6.  The Court previously found that the Government had satisfied the criteria to intervene as a matter of right under Rule 24(a)(2) and in the alternative, had satisfied the requirements for permissive intervention under Rule 24(b) as well.  First Stay Order at 5-7.  The same facts underlying the first motion exist here and therefore, the Court finds that for the same reasons previously stated, the Government has demonstrated its right to intervene.  The request to intervene is therefore GRANTED.

The Government moves the Court to stay this proceeding with respect to Defendant Taylor, just as it has been for Defendant El-Khouri.  The Government argues that the

---

[1] The Motion to Intervene and Stay the case was filed at ECF No. 24, but the relevant Memorandum of Law, which the Court references, was filed at ECF No. 25.

following factors, which courts consider in cases involving parallel civil and criminal proceedings, support a stay against Defendant Taylor:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012).  This Court previously held that each of these factors supported a stay given the "significant overlap" between the civil and criminal cases, the indictment of the defendant, the SEC's lack of objection, the defendant's consent to the stay, the Court's interest in judicial efficiency, and the public's interest in the prosecution of the ongoing criminal matter.  First Stay Order at 7-8.  This motion presents the same factual circumstances: the cases significantly overlap, the SEC does not object to the stay, the Defendant, who has been indicted, consents to the stay, and the Court's interest in judicial efficiency and the public's interest in the criminal prosecution weigh in favor of a stay.  Second Mot. to Intervene and Stay at 1-4.  Accordingly, for the same reasons stated in the Court's prior order granting a stay with respect to Defendant El-Khouri, the motion to stay the case with respect to Defendant Taylor is GRANTED.

## CONCLUSION

For the reasons stated above, the Government's motion to intervene (ECF No. 47) is GRANTED.  The Government's motion to stay discovery (ECF No. 47) in this case as to Defendant Benjamin Taylor is GRANTED.

The Clerk of Court is respectfully requested to stay this action as to Defendant Taylor.

The Government shall notify the Court by letter about the status of Defendant Taylor's criminal case at the same time it provides updates as to Defendant El-Khouri's criminal case. However, although the Government presently must provide the Court an update on Defendant El-Khouri on April 1, 2023, the Government does not need to provide an update on April 1, 2023 with respect to Defendant Taylor at that time.

Dated: March 2, 2023
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge