

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
BOSTON REGIONAL OFFICE
33 ARCH STREET, 24th FLOOR
BOSTON, MASSACHUSETTS 02110-1424
TELEPHONE: (617) 573-8900
FACSIMILE: (617) 573-4590

Sept. 18, 2025

VIA ECF FILING

Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007-1312

    Re:    <u>SEC v. Taylor, Windsor, and El-Khouri</u>, 19-cv-09744 (JLR)

Dear Judge Rochon:

    The Commission submits this letter-motion to seek the Court's permission for oral argument on the motion for default judgment on September 24, 2025, in light of El-Khouri's default. Further, should an evidentiary hearing be required – which the Commission does not presently anticipate – the Commission requests that SEC employee John Rymas ("Rymas") be permitted to testify remotely should witness testimony be required. The Commission makes these requests in light of the failure of Defendant Joseph Abdul Noor El-Khouri ("El-Khouri") to respond to this Court's Order to Show Cause and the likelihood that he will not appear at the September 24, 2025 hearing, rendering an evidentiary hearing with live testimony unnecessary.

    Under Federal Rule of Civil Procedure 43(a), a court, in its discretion, "may permit testimony in open court by contemporaneous transmission from a different location" when there is "good cause in compelling circumstances and with appropriate safeguards." Fed. R. Civ. P. 43(a). *See, e.g., SEC v. Collector's Coffee, Inc.*, 19 Civ. 4355 (VM), 2023 WL 8433691 at *1-*2 (S.D.N.Y. Dec. 5, 2021) (ordering third party witness in Colorado to testify remotely at trial). While under normal circumstances, such a request would not be compelling – since Rymas works in the SEC's Philadelphia office and traveling to New York for a hearing would not be unduly burdensome – the Commission submits that it is appropriate to permit Rymas to testify remotely given the exigencies in this case. Specifically, El-Khouri has defaulted in this action, and the Commission has received no response from El-Khouri after serving him with the Court's order to show cause. *See* ECF No. 106 (proof of service filed by the Commission as to El-Khouri). Further, this Court has specifically ordered that if El-Khouri does appear, the hearing will either be adjourned or converted to an initial pretrial conference. *See* ECF No. 105. The Commission has already submitted a declaration from Rymas [*see* ECF No. 103] in support of its request for monetary remedies as to El-Khouri, and the Court may award disgorgement and prejudgment interest on a default motion without holding an evidentiary hearing if the record sufficiently establishes the appropriate disgorgement amount. *See., e.g., SEC v. Becker*, 09 Civ. 5707 (SAS), 2010 WL 2165083 at *4 (S.D.N.Y. May 28, 2010 (awarding disgorgement and pre-judgment interest as to defaulting defendant based in part on declaration of SEC examiner).

In sum, the Commission submits that conducting oral argument on the motion and allowing Rymas to be available to testify remotely if needed – rather than having him travel to New York unnecessarily – strikes a reasonable balance in light of El-Khouri's default status.

Sincerely,

/s/ *Rua M. Kelly*

Rua M. Kelly

Request GRANTED. Oral argument on the Commission's motion for default judgment will be held on September 24, 2025, and the testimony of John Rymas, if required, may be given remotely.

Dated: September 19, 2025
New York, New York

**SO ORDERED.**

*Jennifer Rochon*

**JENNIFER L. ROCHON**
**United States District Judge**