UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | Plaintiff(s), | 19-cv-9744  (JLR) |
| -against- | | **CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER** |
| BENJAMIN TAYLOR, DARINA WINDSOR, AND JOSEPH ABDUL NOOR EL-KHOURI, | Defendant(s). | |

JENNIFER L. ROCHON, United States District Judge:

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Federal Rule of Civil Procedure 26(f)(3).

1. All parties [consent ☐ / do not consent ☑] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without any adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed at this time. Instead, within three days of submitting this Proposed Case Management Plan and Scheduling Order, the parties shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at* https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf*.]*

2. Settlement discussions [have ☑ / have not ☐] taken place. Counsel for the parties have discussed an informal exchange of information in aid of early settlement in this case and have agreed upon the following: **The Commission and counsel to Mr. Taylor are engaged in discussions regarding a settlement in principal and propose the below schedule in furtherance of those discussions.**

3. The parties [have ☑ / have not ☐] conferred pursuant to Federal Rule of Civil Procedure 26(f).

4. The parties [have ☑ / have not ☐] conferred about the basis of subject-matter jurisdiction and agree that subject-matter jurisdiction exists.

5. Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) shall be completed no later than **November 24, 2025***. *[Absent exceptional circumstances, a date not more than 14 days after the parties' conference pursuant to Federal Rule of Civil Procedure 26(f).]*

   *The parties propose setting this date, which is 30 days after Defendant Taylor's responsive pleading deadline (as extended by the Court).

6. Unless a party amends a pleading as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion for leave to amend or join additional parties shall be filed no later than __November 24, 2025*__. *[Absent exceptional circumstances, a date not more than 30 days following the date of this Order.]*

7. Fact Discovery

    a. Initial requests for production of documents shall be served no later than __December 24, 2025__.

    b. Interrogatories shall be served no later than __March 23, 2026__.

    c. Requests to admit shall be served no later than __May 22, 2026__.

    d. Depositions shall be completed no later than __August 24, 2026**__.

    e. All fact discovery shall be completed no later than __August 24, 2026**__. *[A period not to exceed 120 days from the date of this Order, unless approved by the Court due to exceptional circumstances.]*

    f. Any of the deadlines in paragraphs 7(a)-(d) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 7(e).

8. Expert Discovery, if any

    a. Plaintiff's expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) shall be made no later than __N/A__.

    b. Defendant's expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) shall be made no later than __N/A__.

    c. All expert discovery, including expert reports and depositions, shall be completed no later than __N/A__. *[Absent exceptional circumstances, a date no later than 45 days from the end of fact discovery deadline set forth in paragraph 7(e).]*

    d. The interim deadlines in paragraphs 8(a)-(b) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by the date set forth in paragraph 8(c).

**The parties propose setting this date to allow sufficient time to coordinate and schedule any overseas depositions of the parties and third-party witnesses, if needed, as well as for the review of voluminous discovery.

9. [*If applicable*]  The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than _____.

10. All motions and applications shall be governed by the Court's Individual Rules and Practices in Civil Cases, the Federal Rules of Civil Procedure, and the Local Rules of the United States District Courts for the Southern District of New York.  Any extensions of the dates therein must be approved by the Court.

11. Any discovery disputes shall be addressed according to Section 2(E) of the Court's Individual Rules and Practices in Civil Cases.

12. All discovery must be completed no later than **August 24, 2026\*\***.  *[This date should be the later of the dates in paragraphs 7(e) and 8(c) above.]*

13. No later than one week after the close of fact discovery, counsel for all parties must meet for at least one hour to discuss settlement and file a joint letter updating the Court on the status of the case, including but not limited to confirming that the one-hour settlement discussion occurred and stating whether all parties consent to mediation or a settlement conference to be held before the designated Magistrate Judge.  The letter should not identify, explicitly or implicitly, any party that has declined to so consent.  The use of any alternative dispute resolution mechanism does not stay or modify any date of this Order.

14. The Court will conduct a post-discovery pre-trial conference on September 23, 2026 at 10:00 a.m..  *[To be completed by the Court.]*  No later than one week in advance of the conference, the parties are to submit a joint two-page letter updating the Court on the status of the case, including proposed deadlines for pretrial submissions and trial dates.  This conference will either serve as a pre-motion conference or will be used to set a trial date and dates for pretrial submissions.  If a party wishes to move for summary judgment or to exclude expert testimony, it must, no later than three weeks before the conference, file a letter as set forth in Section 3(I) of the Court's Individual Rules and Practices in Civil Cases, and any response letter shall be filed no later than two weeks before the conference.

15. Unless otherwise ordered by the Court, the parties shall submit a Joint Pretrial Order prepared in accordance with Federal Rule of Civil Procedure 26(a)(3) and other pretrial submissions pursuant to the Court's Individual Rules and Practices in Civil Cases within 30 days of any decision on a summary judgment motion.

16. The parties shall be ready for trial as of two weeks following the deadline for the proposed Joint Pretrial Order, even if trial is tentatively scheduled for a later date.

17. The case [is ✔/ is not ☐] to be tried to a jury.

18. Counsel for the parties have conferred and their best estimate of the length of trial is **5-7 days**.

19. Other issues to be addressed at the Initial Case Management Conference, including those set forth in Federal Rule of Civil Procedure 26(f)(3), are set forth below:

    **Legal requirements of international discovery requests in the U.K. and France.**

20. Counsel for the Parties:

    | | |
    |---|---|
    | **Rua M. Kelly/Assunta Vivolo/** | **Celeste L.M. Koeleveld, Esq.** |
    | **Michael D. Foster** | **Clifford Chance US LLP** |
    | **(for Plaintiff Commission)** | **(for Defendant Benjamin Taylor)** |

21. The next case management conference is scheduled for **September 23, 2026** at **10:00 a.m.**. [*To be completed by the Court.*]

    This Order may not be modified or the dates herein extended, except by further Order of the Court for good cause shown (except as provided in paragraphs 7(f) and 8(d)). Any application to modify or extend the dates herein shall be made in a written application in accordance with the Court's Individual Rules and Practices and shall be made no less than two business days prior to the expiration of the date sought to be extended.

Dated: October 10, 2025
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge