

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**BOSTON REGIONAL OFFICE**
**33 ARCH STREET, 24th FLOOR**
**BOSTON, MASSACHUSETTS 02110-1424**
**TELEPHONE: (617) 573-8900**
**FACSIMILE: (617) 573-4590**

January 13, 2026

<u>VIA ECF FILING</u>

Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007-1312

Request GRANTED.  The parties' deadline to move to reopen this matter is extended to February 13, 2026.

Dated: January 14, 2026
       New York, New York

**SO ORDERED.**

*Jennifer Rochon*

**JENNIFER L. ROCHON**
**United States District Judge**

      Re:     ***SEC v. Taylor and Windsor*, 19-cv-09744 (JLR)**

Dear Judge Rochon:

The Commission and Defendant Benjamin Taylor, along with counsel for Defendant Darina Windsor, submit this letter-motion in response to the Court's October 23, 2025 order (the "Order") that dismissed the action as to Taylor in light of an anticipated settlement of the Commission's claims as to Taylor.  The Order permitted the parties to move to reopen the case within 90 days of the Order if a settlement with Mr. Taylor was not consummated or, alternatively, submit the settlement agreement to the Court within the same timeframe (by January 21, 2026) if the parties wished for the Court to retain jurisdiction for the purpose of enforcing the settlement agreement.  *Id.*

The parties are writing to seek an extension to February 13, 2026 to submit a motion for entry of final judgment as to Taylor.  While the parties have moved as expeditiously as possible, the negotiations between both the criminal and civil authorities and Taylor proved more time-consuming than anticipated when this Court granted a 90-day extension (*see* ECF No. 113).  Although the criminal and civil resolutions were separately negotiated by the respective agencies, there was coordination required to ensure the accuracy of cross-references in the draft agreements to the terms of the respective parallel resolutions, and Taylor's settlement offer to the Commission was not formally made until the terms of the criminal plea agreement were agreed to by Taylor.

In addition, the Commission and Windsor have now also reached a settlement in principle and expect to also move to reopen the case for entry of final judgment as to Windsor at or near the same time as Taylor.  While this Court granted the Commission's motion for default judgment as to Windsor on November 29, 2023, and imposed injunctive relief, the Court stayed the case against Windsor until such time as the case against Taylor was resolved, since the monetary claims against Taylor and Windsor were intertwined.  *See* ECF No.'s 59-1, 65. At the time of the lapse in federal appropriations, the Commission and Windsor's counsel had just begun preliminary discussions about a potential resolution of the Commission's civil action.  Those discussions did not resume until mid-November 2025, and the Commission and Windsor's counsel did not arrive at a settlement in principle until early January 2026.

All of these developments have impacted undersigned counsel's ability to request formal Commission approval to accept the settlement offers of Taylor and Windsor. We expect that we will be able to seek authorization for the settlements by no later than February 13, 2026. In light of the good faith efforts of the parties to negotiate proposed resolutions to this case, and the fact that these proposed settlements would resolve this matter in its entirety, the parties respectfully request that the Court extend the deadline for the application to reopen for Taylor from January 21, 2026 to February 13, 2026. We appreciate the Court's courtesy in this matter.

Sincerely,

/s/ *Rua M. Kelly*

Rua M. Kelly


Cc:  Celeste Koeleveld, Esq. (counsel to Defendant Benjamin Taylor)
      Paul H. Schoeman, Esq. (counsel to Defendant Darina Windsor)